IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOE N. HARRIS,

       Plaintiff,                         No. CIV S-06-2060 DFL EFB PS

    vs.

MICHAEL W. WYNNE,                 ORDER

       Defendant.
_____/

       Plaintiff is proceeding pro se in this action, which was referred to the undersigned pursuant to Local Rule 72-302(c)(21). On January 17, 2007, defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m). That motion is presently noticed for hearing on February 21, 2007, in Courtroom No. 25, before the undersigned.

       Local Rule 78-230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. Court records reflect that plaintiff has failed to file either an opposition to the motion or a statement of non-opposition. Local Rule 78-230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

       Local Rule 83-183, governing persons appearing *in propria persona*, provides that failure to comply with the Federal Rules and the Local Rules may be ground for dismissal, judgment by

default, or other appropriate sanction. "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Finally, Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing date of February 21, 2007, is vacated. Hearing on defendant's motion is continued to March 14, 2007.

2. Plaintiff shall show cause, in writing, no later than February 28, 2007, why sanctions should not be imposed for failure timely to file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiff is directed to file opposition, if any, to the motion, or a statement of non-opposition thereto, no later than February 28, 2007. Failure to file an opposition and appear at hearing will be deemed a statement of non-opposition, and shall result in a recommendation that this action be dismissed.

DATED: February 7, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2