IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOE N. HARRIS,

     Plaintiff,                          No. CIV S-06-2060 DFL EFB PS

   vs.

MICHAEL W. WYNNE,

     Defendant.                      FINDINGS & RECOMMENDATIONS

_____/

     This action, in which plaintiff is proceeding pro se, was referred to the magistrate judge under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). The case was before the undersigned on March 14, 2007, for hearing on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5). Assistant United States Attorney Bobbie J. Montoya appeared as defense counsel and plaintiff appeared on his own behalf.

I. BACKGROUND

     This action, originally filed in the Northern District of California, was transferred to this district on September 15, 2006. The underlying complaint, filed June 27, 2006, concerns termination of plaintiff's employment at Beale Air Force Base in 2003. Plaintiff alleges employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, based on alleged violations of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq*. The United States

1

Equal Employment Opportunity Commission ("EEOC"), issued a right to sue letter on May 24, 2006, after finding that plaintiff could "not successfully make a claim for disability discrimination." Defendant has moved to dismiss the action pursuant Fed. R. Civ. P. 12(b)(5) for plaintiff's failure to effect service of process as required by Fed. R. Civ. P. 4(i) and 4(m).

II. ANALYSIS

    A. Service of Process

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a motion to dismiss for insufficiency of service of process. If service of process is not accomplished within 120 days of filing an action, a court is empowered to dismiss the action. *English v. Krubsack*, 371 F. Supp. 2d 1198, 1201 (E.D. Cal. 2005) (citations omitted); Fed. R. Civ. P. 4(m). Service of process upon the United States and its agencies is governed by Fed. R. Civ. P. 4(i). To serve an agency of the United States, a plaintiff must serve a copy of the complaint and summons on the agency, the Unites States Attorney for the district in which the action is brought, and the United States Attorney General in Washington, D.C. *See* Fed. R. Civ. P. 4(i)(2)(A); 4(i)(1).

Such service must be completed within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). If plaintiff fails to timely effect service of process, the court may either dismiss the action without prejudice as to that defendant or direct such service to be effected within a specified time. *Id.* If the plaintiff shows good cause for the failure, the court must extend the time for service. *Id.* Absent a showing of good cause, it is within the court's discretion whether or not to extend time or dismiss the action without prejudice. *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004).

    B. Application

In the present case, plaintiff did effect timely service of process on the appropriate agency (United States Air Force). However, he has not served, nor attempted to serve, either the United States Attorney General or the United States Attorney for the Eastern District of

////

California, as required under Fed. R. Civ. P. 4(i).[1]

Plaintiff has failed to demonstrate good cause why the court should grant him additional time to effect service of process on defendant. In fact, his actions demonstrate little interest in the prosecution of this action. When the case was transferred to this district on September 15, 2006, a scheduling order issued directing the parties to file status reports by January 3, 2007. Plaintiff did not file a status report or otherwise respond to that order. The court then ordered plaintiff on January 11, 2007, to file a status report within ten days of that order. Again, plaintiff did not file a status report or otherwise respond to the court's order. These failures to comply with the court's orders are, themselves, independent grounds for dismissal. E.D. Cal. L.R. 11-110.

Moreover, in violation of the court's local rules plaintiff failed to timely oppose defendant's motion to dismiss, which was filed on January 17, 2007, and noticed for hearing on February 21, 2007. *See* E.D. Cal. L.R. 78-230(c). The court therefore issued an order directing plaintiff to file an opposition no later than February 28, 2007, and re-setting the hearing for March 24, 2007. Plaintiff did respond to that order, but did so by filing a one-page document that offered no relevant or substantive response to defendant's motion.[2] At the hearing, plaintiff failed to offer any reason other than his pro se status for his failure to properly complete service of process as required by Fed. R. Civ. P. 4(i), or for his failures to otherwise respond to the court orders.

A plaintiff's pro se status does not excuse untimely service or the violation of court orders. *See, e.g., Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999);

---

[1] Neither did plaintiff attempt to serve the United States Attorney for the Northern District of California, where he originally filed this action.

[2] Plaintiff's opposition provided in part, "Without the assistance of an attorney I felt it was useless to continue this struggle because I have become convinced that the outcome will be in my favor. After I received this last order of the court I decided I surely could not win without trying."

3

*see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Plaintiff has made no effort to establish good cause justifying an extension of time. Neither did plaintiff attempt to properly complete service at any time following the filing of defendant's motion, which made it abundantly clear what was required under the Rules. The court recognizes that the relevant statute of limitations may bar plaintiff from re-filing his suit.[3] Nonetheless, the court finds plaintiff's continual non-compliance with court orders and his failure to diligently prosecute this action do not warrant an extension of time to effect service. Plaintiff has neither asked for such an extension nor has he demonstrated good cause therefor. As of the date of the March 14, 2007 hearing, 260 days had passed since the complaint was filed – more than twice the amount of time allowed under Fed. R. Civ. P. 4(m). Accordingly, defendant's motion must be granted.

III. CONCLUSION

In accordance with the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss be granted; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are

---

[3] Plaintiff will not be able to re-file his suit without running afoul of the he 90-day statute of limitations period set forth in 42 U.S.C. § 2000e-5(f)(1). *See Mann v. Am. Airlines*, 324 F.3d 1088 (9th Cir. 2003). Nonetheless, "[t]he district court's discretion is not diminished when the statute of limitations would bar re-filing of the suit if the district court decided to dismiss the case instead of grant an extension." *Mann*, 324 F.3d at 1090.

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
3  951 F.2d 1153, 1157 (9th Cir. 1991).
4  DATED: April 10, 2007.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE